IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH JAMES,  :
    Petitioner  :
  :  No. 1:22-cv-0403
v.  :
  :  (Judge Rambo)
WARDEN R. THOMPSON,  :
    Respondent  :

## MEMORANDUM

Petitioner Kenneth James, who is currently incarcerated in the Federal Correctional Institution Allenwood Low, in White Deer, Pennsylvania, initiated the above-captioned *pro se* action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. James attempts to collaterally attack his 2018 narcotics conspiracy conviction, for which he pled guilty in the United States District Court of the Virgin Islands. The Court will dismiss James' Section 2241 petition for lack of jurisdiction.

### I. BACKGROUND

In September 2017, James was charged with conspiracy to distribute cocaine and possession with intent to distribute cocaine. (*See* Doc. No. 8-1 at 4-5.) On December 30, 2017, James entered a plea agreement with the government, and the following month he pled guilty to the cocaine conspiracy charge. (*Id.* at 7-16, 24.)

In July 2018, James moved to withdraw his guilty plea, but that motion was denied. (*Id.* at 24-25.) James was ultimately sentenced to 78 months' incarceration

and 5 years of supervised release. (*Id.* at 17, 18, 25.) He appealed the district court's denial of his motion to withdraw his guilty plea but, in June 2019, the United States Court of Appeals for the Third Circuit affirmed the district court's decision. *See United States v. James*, 928 F.3d 247, 259 (3d Cir. 2019). James then filed a motion to vacate under 28 U.S.C. § 2255 in the sentencing court, but that motion was likewise denied. (*See* Doc. No. 8-1 at 24-27.)

James now attempts to collaterally attack his 2018 conviction by way of 28 U.S.C. § 2241. However, because this Court lacks jurisdiction to entertain James' petition, it must be dismissed.

## II. DISCUSSION

Generally, the presumptive method for bringing a collateral challenge to the validity of federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted). Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255. *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). The United States Court of Appeals for the Third Circuit has explained that this "safety valve" provision codified in Section 2255(e) only applies when an intervening change in controlling, substantive

law renders the petitioner's prior conduct noncriminal. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017); *see also Cordaro v. United States*, 933 F.3d 232, 239-40 (3d Cir. 2019). Stated differently, Section 2255(e) permits a petitioner to resort to Section 2241 when the petitioner "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate." *Bruce*, 868 F.3d at 180 (quoting *Dorsainvil*, 119 F.3d at 251). But simply because a petitioner is unable to meet the "stringent gatekeeping requirements" of Section 2255 does not render a motion under that provision "inadequate or ineffective" to challenge a conviction or sentence. *Okereke*, 307 F.3d at 120.

James cannot meet the exacting requirements of Section 2255(e). He contends that he is actually innocent of the narcotics conspiracy conviction and that his attorney was ineffective for "inducing" him to plead guilty. (*See* Doc. No. 1 at 2, 6; Doc. No. 2 at 8, 15.) James argues that he was entrapped by the government and that he is legally innocent of the conspiracy offense because all other co-conspirators were government agents. (Doc. No. 2 at 2, 9-10.)

What James does not do, however, is identify an intervening change in controlling, statutory law that would render his prior conduct noncriminal such that he can avail himself of Section 2255(e). None of James' arguments point to a change in substantive law, and all of them could have been raised on appeal or in a Section

3

2255 motion.[1]  This fact is confirmed by review of James' supporting memorandum of law and reply brief.  These documents contain numerous citations to binding and nonbinding cases, *all* of which predate his 2018 conviction.  (*See generally* Doc. No. 2 at 3-5, 9-15; Doc. No. 9 at 2-3.)  James, therefore, has not shown why the instant claims could not have been raised in a Section 2255 motion or why such a motion is "inadequate or ineffective" to challenge his guilty plea and conviction.  The safety valve provision in Section 2255(e), consequently, does not apply.

In short, James' collateral challenge is not the rare type of post-conviction claim that can proceed under Section 2241.  Accordingly, the Court must dismiss his Section 2241 petition for lack of jurisdiction.  *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).

### III.  CONCLUSION

Based on the foregoing, the Court will dismiss James' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Dated: November 7, 2022

---

[1] In fact, it appears that James raised an entrapment argument in the district court and on direct appeal as a basis for withdrawal of his guilty plea.  *See James*, 928 F.3d at 253.